**MIN ZHI CONG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 04–2404–AG.**

United States Court of Appeals, Second Circuit.

June 22, 2006.

Patricia Vargas, Vargas & Associates, Alhambra, CA, for Petitioner.

Marvin J. Caughman, Assistant United States Attorney, for Jonathan S. Gasser, United States Attorney for the District of South Carolina, Columbia, SC, for Respondent.

Present RALPH K. WINTER, JOSEPH M. McLAUGHLIN and REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Min Zhi Cong, a citizen of the People's Republic of China, petitions for review of an April 13, 2004 order of the Board of Immigration Appeals ("BIA") adopting and affirming a May 12, 2003 order of Immigration Judge ("IJ") Gabriel C. Videla denying Min Zhi Cong's motion to reopen the removal proceeding in which she was ordered removed *in absentia.* We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In October 2000, petitioner applied for asylum and withholding of removal on the ground that, as a practitioner of Falun Gong, she had been subjected to persecution by Chinese authorities. Petitioner, together with her counsel, Man Yam, appeared at two master calendar hearings in

New York on her application. When she failed to appear at her July 30, 2001 merits hearing, however, IJ Videla ordered her removed *in absentia.* See 8 U.S.C. § 1229a(b)(5)(A). Copies of this removal order were sent both to petitioner at the New York address she provided on her asylum application and to her attorney, Yam.

In fact, petitioner was no longer living in New York in July 2001. In June 2001, she had relocated to California where she hired new immigration counsel, Jose M. Quinones, charging him with informing the New York immigration court about her change of address and moving for a change of venue to California. Petitioner's affirmation in support of her motion to reopen does not indicate whether she informed Yam of a change in representation or address. Although it appears that a venue motion prepared by Quinones was executed on July 24, 2001, it was not received by the immigration court until August 3, 2001, three days after issuance of the *in absentia* removal order.

Approximately twenty-one months later, petitioner, through yet another counsel, moved to reopen her removal proceedings, alleging ineffective assistance by Quinones. Petitioner alleged that Quinones, who was aware of her July 30, 2001 hearing, advised her that she did not need to appear in New York on that date, assuring her that venue would be changed to California. Petitioner further claimed that Quinones repeated this assurance in response to her repeated inquiries about her case, never informing her of any *in absentia* removal order.

The IJ denied petitioner's motion to reopen for failure to file within 180 days of the challenged removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Although the IJ acknowledged that ineffective assistance of counsel could sometimes support equitable tolling of this filing deadline, he concluded that no tolling was warranted in

this case because the attorney whose purported inaction most directly contributed to petitioner's untimely filing was Man Yam, and petitioner did not charge him with ineffective assistance. The BIA expressly adopted and affirmed this decision of the IJ and noted, as a further reason for denying equitable tolling, petitioner's lack of due diligence. Accordingly, on this petition, we review the decision of the IJ as supplemented by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir. 2006).

Mindful that "motions to reopen are disfavored," *Ali v. Gonzales,* 448 F.3d 515, 516 (2d Cir.2006) (internal quotation marks omitted), we review the denial of such a motion only for abuse of discretion, *see Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) *(per curiam); see also* 8 C.F.R. § 1003.2(c). Such abuse will be found only where the challenged decision "(1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, or contains only summary or conclusory statements." *Song Jin Wu v. INS,* 436 F.3d 157, 161 (2d Cir.2006) (internal quotation marks omitted).

The conclusion of the IJ and BIA that, if petitioner's untimely filing was attributable to attorney ineffectiveness, the responsible counsel was Yam rather than Quinones, cannot be deemed irrational. Therefore, we need not decide whether the BIA properly concluded that petitioner failed to demonstrate due diligence. The record indicates that the *in absentia* removal order was mailed to Yam. *Cf. id.* at 162(noting that, in context of former 8 U.S.C. § 1252b, mailing to petitioner's counsel of record satisfies notice requirement). Thus, Yam's apparent failure to forward the *in absentia* order to petitioner was the primary reason she failed to seek timely reopening of her hearing. In these circumstances, even if Quinones's conduct

somehow contributed to petitioner's failure to appear at the July 30, 2001 hearing, and even if he might have been expected to discover the *in absentia* order sometime before the expiration of the 180–day deadline, the IJ acted within his discretion in concluding that, without any complaint of ineffectiveness by petitioner against Yam, equity would not intervene to toll the filing deadline. To the extent petitioner belatedly argues Yam's ineffectiveness in her brief to this court, her tolling claim necessarily fails because she has not satisfied the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), with respect to Yam.

In sum, because petitioner fails to demonstrate abuse of discretion in the decision not to toll the filing deadline, the petition for review of the BIA's April 13, 2004 order is hereby DENIED.